**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4432**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KAWASI DINGLE,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cr-00536-RBH-1)

Submitted:  November 20, 2012        Decided:  November 26, 2012

Before TRAXLER, Chief Judge,  and SHEDD  and FLOYD, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kawasi Dingle pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced as an armed career criminal to 180 months of imprisonment. On appeal, Dingle challenges the district court's determination that his prior South Carolina convictions for second degree burglary, in violation of S.C. Code Ann. § 16-11-312(A) (2003), were properly qualifying predicate felonies under 18 U.S.C. § 924(e) (2006). Because Dingle's argument is foreclosed by our previous decision in United States v. Wright, 594 F.3d 259 (4th Cir. 2010), we affirm.

In Wright, we held that a violation of S.C. Code Ann. § 16-11-312(A) categorically qualifies as a predicate offense for purposes of 18 U.S.C. § 924(e) because the statute tracks the generic definition of burglary promulgated by the United States Supreme Court. Wright, 594 F.3d at 266. Because one panel of this court may not overrule another, we conclude that Dingle was properly sentenced and affirm the district court's judgment. United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED